EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
VASUDHA TALLA
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DANIEL M. EISENBERG

CLAIRE Z. ABBADI
ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
SARA LUZ ESTELA
LAURA S. KOKOTAILO
HAFSA S. MANSOOR
SANA MAYAT
ADAM NASSER
DANIEL A. PEÑA
VIVAKE PRASAD
MAX SELVER
MAGGIE TURNER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

March 2, 2026

**By ECF**

Honorable Naomi R. Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: *Council on American-Islamic Relations New York, et al. v. City of New York, et al.*, 25-cv-1936 (NRB)

Dear Judge Buchwald,

For Plaintiffs, the Council on American-Islamic Relations New York ("CAIR-NY"), Zarmeen Azam, and Shajnin Howlader, we write to bring to this Court's attention the Second Circuit's most recent opinion on organizational standing, *Connecticut Fair Housing Center et al. v. CoreLogic Rental Property Solutions, LLC*, No. 23-1118(L), 2026 WL 478967 (2d Cir. Feb. 20, 2026) ("*CoreLogic*").

*CoreLogic* reiterates that an organizational plaintiff can allege standing based on injury to the organization's core activities other than advocacy or informational programming, such as the housing counseling and referral services alleged in *Havens Realty Corp. v. Coleman*, 455 U. S. 363 (1982). *CoreLogic*, 2026 WL 478967, at *7–8. Although the Second Circuit found that the organizational plaintiff in *CoreLogic* lacked standing, the decision does not change the framework enunciated by the Supreme Court in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024) that organizations like CAIR-NY have standing where they suffer a "perceptible opportunity cost." *Afr. Cmtys. Together v. Lyons*, 799 F. Supp. 3d 362, 380 (S.D.N.Y. 2025) (collecting cases). Nor does it change the clear law that organizations have standing when their activities are hindered and have "less efficiency and success." *Moya v. U.S. Dep't of Homeland Sec'y*, 975 F.3d 120, 130 (2d. Cir. 2020) (noting that, to have standing, an organization need not completely stop some or all of its activities in furtherance of its mission).

As detailed at length in CAIR-NY's brief in opposition to the City's motion to dismiss, Dkt. No. 29, CAIR-NY has standing under this framework because it suffered an opportunity cost, and its core business activities in furtherance of its mission have been hindered. In other words, far from "spend[ing] its way into standing," CAIR-NY acted "to mitigate or avoid a substantial risk of some *independent* harm." *Bost v. Ill. State Bd. of Elections*, 146 S. Ct. 513, 522 (2026) (emphasis added). CAIR-NY responded to an increased demand for its counseling services in response to "proceedings initiated by another party"—namely the NYPD's forcible and public hijab removals. *See Afr. Cmtys. Together*, 799 F. Supp. 3d at 380.

Respectfully submitted,

O. Andrew F. Wilson
Hafsa S. Mansoor

cc:    All counsel of record

2