UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
COUNCIL ON AMERICAN-ISLAMIC RELATIONS NEW YORK, ZARMEEN AZAM, and SHAJNIN HOWLADER,

Plaintiffs,

- against -

CITY OF NEW YORK, ASSISTANT CHIEF AT PATROL RUEL R. STEPHENSON, SERGEANT JOSEPH M. SPALDING, and NEW YORK POLICE DEPARTMENT OFFICERS JOHN DOE #1-10,

Defendants.

--------------------------------------X

**MEMORANDUM AND ORDER**

25 Civ. 1936 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This case arises out of the removal of the hijabs of two individual plaintiffs, Zarmeen Azam and Shajnin Howlader, by NYPD officers during a political protest in August 2024. Defendants City of New York, Ruel R. Stephenson, and Joseph M. Spalding (collectively, "defendants") move for partial dismissal of the Amended Complaint, arguing that: (i) plaintiffs are not entitled to declaratory judgment, and (ii) plaintiff Council on American-Islamic Relations New York ("CAIR-NY") lacks organizational standing. For the reasons set forth below, defendants' motion is denied.

## I. Factual Background[1]

Plaintiffs CAIR-NY, Zarmeen Azam, and Shajnin Howlader bring this action against the City of New York, NYPD Assistant Chief Ruel R. Stephenson, NYPD Sergeant Joseph M. Spalding, and unnamed NYPD officers arising from events at a protest in Harlem on August 14, 2024. AC ¶ 22. According to the Amended Complaint, while policing a demonstration concerning the war in Gaza, NYPD officers grabbed and pulled Ms. Azam's and Ms. Howlader's hijabs with such force that the fabric tightened around their necks, restricting their ability to breathe, before partially or fully tearing the coverings from their heads in public. Id. ¶¶ 22, 32-36, 47-53. Ms. Howlader was not arrested, whereas Ms. Azam was arrested on disorderly conduct charges that were later dismissed. Id. ¶¶ 37, 61-62.

Plaintiffs further allege that the officers' conduct violated Ms. Azam's and Ms. Howlader's constitutional rights and reflected a broader NYPD practice of targeting Muslim women and forcibly removing their hijabs as a method of crowd control. Id. ¶¶ 70-77. CAIR-NY alleges that this purported practice has directly

[1] The following facts are drawn from the Amended Complaint ("AC"), ECF No. 21, and are assumed to be true for the purposes of the present motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

impaired its ability to carry out its mission and core activities on behalf of New York's Muslim community. Id. ¶¶ 78-98.

## II. Procedural Background

Plaintiffs filed their original complaint on March 9, 2025. ECF No. 1. The Court granted defendants three extensions of time to move or otherwise respond to the complaint, extending their deadline to July 31, 2025. ECF Nos. 11, 14, 16. On July 31, 2025, defendants filed a pre-motion letter proposing a motion to partially dismiss the complaint. ECF No. 17. Plaintiffs opposed the request on August 5, 2025, ECF No. 18, and defendants replied on August 29, 2025, ECF No. 19. On September 5, 2025, the Court permitted defendants to bring their motion without a pre-motion conference and granted plaintiffs leave to amend the complaint if, consistent with Rule 11, they could assert additional allegations to cure any alleged deficiencies raised by defendants, by September 26, 2025. ECF No. 20.

Plaintiffs filed their Amended Complaint on September 26, 2025. ECF No. 21. On October 10, 2025, defendants filed another pre-motion letter proposing a motion to partially dismiss the Amended Complaint. ECF No. 22. Plaintiffs opposed the request on October 16, 2025. ECF No. 23. On October 28, 2025, the Court held a teleconference with the parties to discuss defendants'

proposed motion and directed the parties to submit a briefing schedule and discovery proposals. On November 5, 2025, plaintiffs proposed a briefing schedule and requested limited discovery concerning the individual plaintiffs' claims during the pendency of defendants' motion. ECF No. 24. Defendants responded on November 21, 2025, proposing a revised briefing schedule and opposing plaintiffs' discovery request. ECF No. 25. Plaintiffs replied on November 24, 2025. ECF No. 26. On November 25, 2025, the Court approved the revised briefing schedule and ordered limited discovery consisting of the depositions of the two individual plaintiffs and production of their respective documents. ECF No. 27.

On January 9, 2026, defendants filed a motion to partially dismiss the Amended Complaint. ECF No. 28 ("Mot."). Plaintiffs opposed the motion on February 9, 2026.[2] ECF No. 29 ("Opp."). Defendants' motion was fully briefed on February 23, 2026. ECF No. 30 ("Reply"). On March 2, 2026, plaintiffs filed a letter identifying a recent Second Circuit opinion concerning organizational standing. ECF No. 31.

---

[2] In their opposition, plaintiffs sought oral argument on defendants' motion. ECF No. 20. However, because the parties' submissions fundamentally concern legal, rather than factual, issues, the Court has concluded that oral argument is unnecessary. See Mir v. Shah, 2012 WL 6097770, at *4 (S.D.N.Y. Dec. 4, 2012); see also Katz v. Morgenthau, 892 F.2d 20, 22 (2d Cir. 1989).

### I. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court accepts the truth of the pleaded facts, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Brown v. Daikin Am., Inc., 756 F.3d 219, 225 (2d Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

## DISCUSSION

Defendants' motion is limited to two discrete issues: (i) first, it seeks dismissal of plaintiffs' claim for declaratory relief, and (ii) second, it challenges CAIR-NY's standing to sue as an organizational plaintiff. Each argument is addressed below.

## I. Declaratory Relief

Defendants seek to dismiss plaintiffs' claim for declaratory relief on the ground that the state of the current record, as set forth in the Amended Complaint, involves only "past acts" concerning the two individual plaintiffs which, they argue, cannot support declaratory relief. Mot. at 4-5. Whether that argument is sustainable or not is irrelevant because defendants overlook two Federal Rules of Civil Procedure. First, defendants' argument proceeds on the mistaken premise that the Amended Complaint controls the universe of relevant facts. It does not. The state of the current record is not immutable, and Rule 8 requires only a "short and plain statement" showing the pleader's entitlement to relief. Fed. R. Civ. P. 8(a).

Second, defendants' argument ignores the fundamental principle that, regardless of whether the Amended Complaint contains a request for declaratory relief, the Court may grant such relief if the record ultimately supports it. Fed. R. Civ. P. 54(c) (requiring that every final judgment, other than a default judgment, "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"). Thus, the Court may award declaratory relief, regardless of whether

the twelfth cause of action remains, if plaintiffs establish that they are entitled to that relief.

Accordingly, defendants' motion to dismiss plaintiffs' claim for declaratory relief is denied.

**II. Standing**

Defendants next challenge CAIR-NY's standing to sue as an organizational plaintiff. Because CAIR-NY does not seek to establish standing on an associational or representational basis, the Court considers only whether CAIR-NY has adequately alleged that it was directly injured as an organization. See A.H. by E.H. v. New York State Dep't of Health, 147 F.4th 270, 276 (2d Cir. 2025) (an organization may establish standing through associational standing or "by establishing that it was directly injured as an organization") (citation omitted). An organization establishes injury in fact where a defendant's conduct "directly affect[s] and interfere[s] with [its] core business activities[.]" Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367, 395 (2024). An organization "cannot spend its way into standing simply by expending money" to oppose a policy it disfavors. Id. at 394. Consistent with that limitation, the Second Circuit has held that an organization's decision to divert resources in response to a challenged practice does not, without more, establish

organizational standing. Baez v. New York State Off. of Temp. & Disability Assistance, 2026 WL 1412962, at *3 (2d Cir. May 20, 2026). Rather, the organization must show that the practice imposed an "involuntary and material" burden on the "core activities by which [its] organizational mission has historically been carried out." Conn. Parents Union v. Russell-Tucker, 8 F.4th 167, 174-75 (2d Cir. 2021).

Defendants argue that CAIR-NY has merely alleged a self-directed shift in its own programming and diversion of resources, including new trainings and expanded workshops. Mot. at 6-8; Reply at 1-4. However, the Amended Complaint alleges more: specifically, that defendants' practice has left CAIR-NY less well able to carry out several of its established, preexisting core activities, including empowering Muslims to exercise their First Amendment rights, defending religious liberty, and amplifying speech about Islam and Muslims. AC ¶¶ 96, 98. For example, CAIR-NY alleges that it has long counseled hate-crime and discrimination victims and referred them to law enforcement as part of its established activities. Id. ¶¶ 5, 81-84. It further alleges that defendants' practice has led to an increase in reports of police misconduct and eroded the Muslim community's trust in the NYPD, causing victims to become less willing to cooperate with investigating

officers and forcing CAIR-NY to mediate with prosecutors and police and expand its own litigation efforts to secure the accountability that victims previously could have obtained through the NYPD. Id. ¶¶ 94-95. Unlike an organization that has merely diverted resources to advocate against a policy it opposes, CAIR-NY alleges that defendants' conduct has made activities it already performed more difficult to perform effectively.

CAIR-NY's allegations regarding its new Know Your Rights trainings and workshops on protestor rights, expanded community programming, and new legal monitoring at protests corroborate this conclusion. Id. ¶¶ 89-92, 97. Those new trainings and on-the-ground monitoring are not directed at defendants or at changing NYPD policy through advocacy but rather constitute direct services to the individuals within the community that CAIR-NY serves, made necessary by the practice's concrete and ongoing effects. That distinguishes this case from Food & Drug Admin. and aligns it with cases in which organizations were found to have standing where a challenged practice required them to provide direct assistance to those experiencing its material consequences. See, e.g., Afr. Cmtys. Together v. Lyons, 799 F. Supp. 3d 362, 381 (S.D.N.Y. 2025) (standing where legal aid organization redirected staff to a drop-in clinic in response to surge of removal orders).

Accordingly, CAIR-NY has adequately alleged organizational standing, and defendants' motion to dismiss CAIR-NY as plaintiff is denied.

## **CONCLUSION**

For the foregoing reasons, defendants' motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 28.

Dated: July 20, 2026
New York, New York

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE